IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELLA BAUTISTA, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. _____ |
| CORRECTHEALTH BARTOW, LLC.,: | |
| LINDSEY CONDANSO,ELIZABETH: | |
| TOWNSEND, AUSTIN BRAND, : | |
| TERRY PITTS, CHARLES, : | |
| DALTON WADE GILLMAN, : | |
| NATHANIEL LEHMANN, : | |
| LT. ASHLEY STEWART, and : | |
| KELLY WRIGHT HAWKINS, : | |
| : | |
| Defendants. : | |
| _____: | |

**COMPLAINT**

COMES NOW, Plaintiff and respectfully shows:

1.

This is an action for violation of Plaintiff's Fourth and Fourteenth amendment rights, and Fourteenth amendment rights to substantive due process, procedural due process and equal protection. Plaintiff also brings actions under Art. I, Sec. I, Para. I, II, VIII, and XVII. Plaintiff also brings claims for state torts including <u>inter alia</u> denial of medical care, malpractice, and false imprisonment.

1

2.

This Court has jurisdiction of these claims under 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

3.

At all times herein, Defendants have acted under color of state law.

4.

Because Defendant CorrectHealth Bartow, Inc., [hereafter, "Correct"] has its agent for service in Atlanta, Ga., being a duly incorporated legal entity, venue is proper in this district. Defendant is also subject to the jurisdiction of the court, venue is proper under Local Rule 3.1 (b)(1) because, for purposes of that rule, Defendant Correct resides in the Northern District of Georgia.

5.

Each Defendant resides in the Northern District of Georgia and is subject to the jurisdiction of the Court.

6.

Aside from Defendants Correct and Hawkins, all Defendants were employees of the Sheriff of Bartow County.

**COUNT ONE**

7.

Paragraphs 1-6 are realleged as though fully set out above. Defendants

Correct and Kelly Wright Hawkins are not sued in this count.

8.

On April 6, 2024, Plaintiff was arrested on a bench warrant by Defendant Nathaniel Lehmann, and the arrest was reviewed by Defendant Dalton Wade Gillman (See Ex. A). Neither officer took Plaintiff before a judge within 72 hours.

9.

For the 10 days Plaintiff spent in jail, she was never taken before a Judge before April 16, 2024 (See Ex. B).

10.

Plaintiff had a liberty interest in being taken before a judicial officer within 72 hours pursuant to O.C.G.A. § 17-4-21 and O.C.G.A. § 17-4-26, and under O.C.G.A. § 17-6-1(f)(1), could not be refused bail.

11.

Moreover, Defendants Austin Brand and Lindsey Condanso, among others, failed to allow Plaintiff to post bail or to allow her family to post bail. These Defendants told Plaintiff's family that she had to await the next hearing of the Court before getting bond.

12.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of $ 250,000.

13.

The actions of Defendants were taken with reckless disregard or indifference to Plaintiff's rights and she is entitled to punitive damages in the amount of $ 250,000.

14.

Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988.

**COUNT TWO – STATE CLAIM FOR ARREST**

15.

Paragraphs 1-6 are realleged as fully set out. Only Defendants Lehmann and Gillman are sued herein.

16.

On April 6, 2024, the Plaintiff was arrested on a bench warrant by Defendant Nathaniel Lehmann. The arrest was reviewed by Defendant Dalton Wade Gillman (See Ex. A). Neither officer took Plaintiff before a judge within 72 hours.

17.

For the 10 days Plaintiff spent in jail, she was never taken before a Judge before April 16, 2024. (See Ex. B)

18.

Plaintiff had a liberty interest in being taken before a judicial officer within 72 hours pursuant to O.C.G.A. § 17-4-21 and O.C.G.A. § 17-4-26 and under

O.C.G.A. § 17-6-1(f)(1), could not be refused bail. This right was protected by the due process clause of the Georgia Constitution Art. I, Sec. I, Para. I.

19.

Moreover, Defendants Austin Brand and Lindsey Condanso, among others, failed to allow Plaintiff to post bail or to allow his family post bail. These Defendants told Plaintiff's family that she had to await the next hearing of the Court before getting bond.

20.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of $ 250,000.

21.

Defendants' actions showed willful misconduct, wantonness, or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

22.

Plaintiff is entitled to attorney fees because of Defendants' intentional acts.

23.

Defendants breached a ministerial duty set out in O.C.G.A. § 17-4-21, § 17-4-26, and § 17-6-1 (f)(1).

24.

Alternatively, Defendants acted with intent to injure Plaintiff.

**COUNT THREE – STATE CLAIM UNREASONABLE SEIZURE**

25.

Paragraphs 1-6 are realleged as though fully set out. Only Defendants Lehmann, Gillman, Brand, and Condanso are sued within.

26.

On April 6, 2024, Plaintiff was arrested on a bench warrant by Defendant Nathaniel Lehmann, and the arrest was reviewed by Defendant Dalton Wade Gillman (See Ex. A). Neither officer took Plaintiff before a judge within 72 hours.

27.

For the 10 days Plaintiff spent in jail, she was never taken before a Judge before April 16, 2024 (See Ex. B).

28.

Moreover, Defendants Austin Brand and Lindsey Condanso, among others, failed to allow Plaintiff to post bail or to allow his family post bail. These Defendants told Plaintiff's family that she had to await the next hearing of the Court before getting bond.

29.

As a proximate result of Defendants' actions, Plaintiff was damaged in the

amount of $ 250,000.

30.

Defendants' actions showed willful misconduct, wantonness or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

31.

Plaintiff is entitled to attorney fees because of Defendants' intentional acts.

32.

Defendants breached a ministerial duty set out in O.C.G.A. § 17-4-21, § 17-4-26, and § 17-6-1 (f)(1).

33.

Alternatively, Defendants acted with intent to injure Plaintiff.

## COUNT FOUR – FALSE IMPRISONMENT

34.

Paragraphs 1-6 are realleged as though fully set out.

35.

On April 6, 2024, Plaintiff was arrested on a bench warrant by Defendant Nathaniel Lehmann, and the arrest was reviewed by Defendant Dalton Wade

Gillman (See Ex. A). No other officers are sued within. Neither officer took Plaintiff before a judge within 72 hours.

36.

For the 10 days Plaintiff spent in jail, she was never taken before a Judge before April 16, 2024 (See Ex. B).

37.

Defendants detained Plaintiff in violation of state law, as set out in O.C.G.A. § 17-4-21, O.C.G.A. § 17-4-26, and O.C.G.A. § 17-6-2 (a)(1).

38.

The warrant Plaintiff was arrested under was void after 72 hours.

39.

Plaintiff's detention was unlawful for at least the last 7 days she was incarcerated.

40.

Moreover, pursuant to O.C.G.A. § 17-6-2 (a)(1) as it existed prior to July 1, 2024, each Defendant was authorized to accept the Plaintiff's driver's license for bail if it had been set after 5 days. Defendants did not offer Plaintiff a choice.

41.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of $ 250,000.

42.

Defendants' actions showed willful misconduct, wantonness or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

43.

Plaintiff is entitled to attorney fees because of Defendants' intentional acts.

44.

Defendants breached a ministerial duty set out in O.C.G.A. § 17-4-21, § 17-4-26, and § 17-6-1 (f)(1).

45.

Alternatively, Defendants acted with intent to injure Plaintiff.

## COUNT FIVE – CONDITION OF CONFINEMENT

46.

Paragraphs 1-7 are realleged as though fully set out.

47.

Defendants Stewart and Condanso are the only Defendants sued in this Count.

48.

From the moment the Plaintiff was admitted to the Bartow County Jail, she

was treated as though she was a male, although Plaintiff is a transitioning female and placed in isolation in administrative segregation.

49.

According to the records of the jail, Defendants Stewart and Condanso placed Plaintiff in isolation but not for her own protection. She stayed there for 9-10 days. She was not given a hearing. Exhibit C is a true and correct copy of her placement notice in administrative segregation.

50.

The reason given for her isolation was "due to being a male that is transitioning to a female. Inmate has both male and female body parts." specifically, the line marked "Own protection" was not checked.

51.

There were any number of cells wherein Plaintiff could have been housed safely without being placed in administrative segregation, including a cell in the medical section of the jail.

52.

Plaintiff was denied due process under the Fourteenth Amendment by Defendants Stewart and Condanso.

53.

The segregation of the Plaintiff imposed an atypical and significant hardship

on the Plaintiff in relation to the ordinary incidents of life at the Bartow County jail.

54.

Specifically, she was denied clean towels and the ability to attend Sunday Service. Unlike other inmates, she did not receive daily showers, adequate exercise, access to phone use, water (except from the sink), the ability to order from the commissary daily, video visitation, access to the kiosk at all times, and coffee. She did not receive basic toiletries until the third day of her incarceration and had no access to the library. There was a video camera on Plaintiff as she used the restroom. She did not receive clean sheets or towels when other inmates received theirs.

55.

She did not receive her first shower, telephone call, or use of the library until April 11, 2024, 4 to 5 days after she had been incarcerated.

56.

Defendants Stewart and Condanso's actions deprived Plaintiff of her right to due process and caused her damages in the amount of $ 250,000.

57.

The actions of the Defendants were taken with reckless disregard or indifference to Plaintiff's rights and she is entitled to punitive damages in the

amount of $ 250,000.

58.

Plaintiff is entitled to attorney fees under 42 U.S.C. § 1988.

## COUNT SIX – STATE DUE PROCESS

59.

Paragraphs 46-51, 53-55 are realleged as though fully set out. Only Defendants Stewart and Condanso are sued in this count.

60.

Defendants acted with intent to injure Plaintiff.

61.

Defendants' actions showed willful misconduct, wantonness or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

62.

Plaintiff is entitled to attorney fees because of Defendants' intentional acts.

## COUNT SEVEN

63.

Paragraphs 1-6 are realleged as though fully set out. Only Defendants Stewart and Condanso are sued in this Count.

64.

Defendants Stewart and Condanso denied Plaintiff her rights to equal protection under the Fourteenth Amendment as set out in paragraphs 48-54.

65.

Paragraphs 56-58 are realleged as though fully set out.

## COUNT EIGHT

66.

Paragraphs 63-65 are realleged as though fully set out. Only Defendants Stewart and Condanso are sued in this Count.

67.

Defendants acted with intent to injure Plaintiff.

68.

Defendants Stewart and Condanso denied Plaintiff her equal protection rights under Art. I, Sec. I, Para. II.

69.

Defendants' actions showed willful misconduct, wantonness or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

70.

Plaintiff is entitled to attorney fees because of Defendants' intentional acts.

**COUNT NINE**

71.

Each individual Defendant sued in this case denied Plaintiff her medical care under the Fourteenth Amendment by acting with deliberate indifference in delaying her case or deliberately choosing the easier and less efficacious treatment. Defendants Gillman, Lehmann, Stewart, and Condanso are not sued in this Count.

72.

Paragraphs 2-5 are realleged as though fully set out.

73.

Plaintiff began requesting medical treatment on April 9, 2024. She had been throwing up blood and passing out each night from April 9, 2024 until April 11, 2024.

74.

When asked if there was a nurse coming, Defendant Pitts told her he didn't know and didn't care. He did not call for medical personnel.

75.

Defendant Townsend saw Plaintiff throwing up blood on April 9, 2024 and told her to throw up in a plastic container.

76.

The same day, Defendant Townsend went back to the cell and Plaintiff had been throwing up blood on the floor. She saw she was too weak to stand to determine her blood pressure. She did not secure a doctor for her.

77.

She did not see a doctor until April 12, 2024 even though on being taken to the jail and informing the officers at the time of medical screening that she was at risk because of blood pressure, blood sugar problem, depression (diagnosed with medication), and she needed her hormones.

78.

Finally, she saw a virtual doctor who was employed by Correct who prescribed Tylenol. The virtual doctor's name is still unknown. She also saw a nurse named Charles, who was going to obtain her prescription but didn't.

79.

Each of the people in paragraph 71 saw Plaintiff's condition and did nothing to contact medical staff about her condition. This sentence does not refer to persons specifically named in that paragraph as not being sued in this Count.

80.

The jail Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Fourteenth Amendment.

81.

The doctor and Defendant Hawkins, employed by Correct, were deliberately indifferent to Plaintiff's medical needs, in violation of the Fourteenth Amendment.

82.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of 250,000.

83.

Plaintiff is entitled to punitive damages because of Defendants' reckless disregard or indifference to Plaintiff's rights and she is entitled to punitive damages in the amount of $ 250,000.

84.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

### COUNT TEN (MALPRACTICE)

85.

Paragraphs 2, 5, and 6 are realleged as though fully set out. Defendants Correct and Charles are also subject to the jurisdiction of this Court. No other Bartow employee is sued in this Count.

86.

The Bartow County Board of Commissioners sought out and entered into

an independent contract with Correct to provide medical services to the inmates at the Bartow County Jail.

87.

Repeatedly as set out above, Plaintiff pleaded for adequate medical treatment.

88.

Finally, she was taken to see Defendant Hawkins, a nurse employed by Correct.

89.

At the time, Plaintiff was suffering from low blood pressure and blood sugar. She had been denied her hormones and anti-depressant medication. She had been throwing up blood and passing out each night from April 9, 2024 until April 11, 2024.

90.

When Plaintiff was finally taken to the medical unit run by employees of Defendant Correct, she received a video examination conducted by an as-yet-unknown doctor. Thereafter, Defendant Charles prescribed her Tylenol as treatment but made no attempt to secure the medication Plaintiff had been taking before her incarceration.

91.

Defendant Correct is liable to Plaintiff for damages for the actions of its employees within the scope of their employment.

92.

Correct and its employees owed a duty to Plaintiff of a reasonable degree of care or skill in the exercise of their medical profession in comparison to the standard of care of practitioners in the Bartow County, Georgia, area for like or similar medical staff, nurses, and practitioners who performed the same procedures, emergency, or critical care for patients.

93.

Correct and its employees fell far below the standard of care for their profession when they ignored Plaintiff's condition and opted to provide an easier, less efficacious treatment.

94.

As a proximate result of such treatment, Plaintiff suffered hypoglycemia, deficiency anemia, and dizziness.

95.

As a proximate result of Correct and its employees' negligence, Plaintiff suffered damages in the amount of $ 250,000.

## COUNT ELEVEN

96.

Paragraphs 2, 5, 73-78, 81, 84, 85, 86-88, and 90-4 are realleged as though fully set out. Defendants Lehmann, Gillman, Stewart, and Condanso are not sued in this Count.

97.

Each non Correct employee violated O.C.G.A. § 42-4-5 by actions of willful, inhumanly, or oppression to Plaintiff.

98.

Each non Correct employee acted with intent to injure Plaintiff.

99.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of $ 250,000.

100.

Defendants' actions showed willful misconduct, wantonness or oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and Plaintiff is entitled to punitive damages in the amount of $ 250,000.

101.

Plaintiff is entitled to attorney fees because of the Defendants' intentional

acts.

WHEREFORE, Plaintiff prays for:

1) Damages as set out above;

2) Punitive Damages as set out above;

3) Jury trial; and

4) Such other and further relief as is just and proper.

Respectfully submitted this **12th** day of February, 2025.

GOLDBERG & CUVILLIER, P.C.

*/s/ Ralph Goldberg*

Ralph Goldberg
Ga. Bar No. 299475

*Attorney for Plaintiff*

2295 Parklake Dr NE, Ste. 432
Atlanta, Georgia 30345
(770) 670-7343; (770) 670-7344 (Fax)
*attorneygoldberg@hotmail.com*